**In re Petition for DISCIPLINARY ACTION AGAINST Donald C. HANSON, an Attorney at Law of the State of Minnesota.**

No. C5–88–1324.

Supreme Court of Minnesota.

July 6, 1988.

### ORDER

The Director filed with this court a petition alleging that respondent Donald C. Hanson had violated disciplinary rules governing the conduct of attorneys to the extent of warranting public discipline. The petition, in addition to citing two previous admonitions for neglect, noncommunication, and one ethics committee reprimand for neglect of three client matters alleged that in the latter part of 1987 respondent undertook to represent a client on an appeal from the district court to the Minnesota Court of Appeals. In connection with that appeal, the respondent misrepresented to the court that an agreed statement of the record had been submitted to counsel and to the trial court. In fact, the statement was false and the Director alleged that it violated Rule 3.3(a)(1), 8.4(c), and 8.4(d), Minnesota Rules of Professional Conduct. The petition contained a second count which essentially arose out of the same matter and involved the same factual situation as the first count. Subsequent to the filing of the petition, the respondent entered into a stipulation with the Director. By the terms of the stipulation, respondent agreed to dispense with further proceedings under Rule 14, Rules on Lawyers Professional Responsibility, and agreed that this court could proceed with immediate disposition under Rule 15, Rules on Lawyers Professional Responsibility. In that connection the respondent waived all his rights under Rule 14 of the Rules on Lawyers Professional Responsibility. The Director and respondent joined in recommending that the appropriate discipline is a public reprimand followed by a supervised two-year probationary period.

The court having considered the petition, the respondent's disciplinary history, and the stipulation of the parties, NOW ORDERS:

1. The respondent is hereby publicly reprimanded.

2. The respondent is forthwith placed upon supervised probation for a period of two years from the date of this order. The conditions are:

   a. At all times respondent shall abide by the Minnesota Rules of Professional Conduct and shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have in the past or may in the future come to the Director's attention.

   b. Within two weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director to monitor respondent's compliance with the terms of probation. Failure on the part of the respondent to nominate a supervisor acceptable to the Director shall result in the right of the Director, at his option, to appoint any licensed Minnesota attorney to act as a supervisor. The supervisor so appointed shall file written reports with the Director at least quarterly or at such other more frequent interval as may reasonably be requested by the Director.

   c. During the term of the probation, respondent shall cooperate fully with

the supervisor and with the Director's office.

d. Respondent agrees to report at least quarterly to the supervisor concerning the status of all matters then being handled by him and concerning compliance with the terms and conditions of the probation.

e. Respondent shall forthwith initiate and maintain office procedures which insure prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, as well as prompt filings in court and which will insure that the respondent regularly reviews each and every file and completes legal matters on a timely basis.

3. Respondent shall within 30 days from the date of this order pay to the Director the sum of $750 as costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.